IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Lee Moultrie, ) | C/A No. 0:11-2333-SB-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Sgt. Paul Shane Williams, # 010323; ) | |
| Sgt. Andre Massey, # 447447; ) | |
| Sgt. John Paul Difalco; ) | |
| Officer Ron Wekenmann, # 994210, and ) | |
| Lieutenant John H. Griffith, ) | |
| ) | |
| Defendants. ) | |

_____

The plaintiff, Stanley Lee Moultrie, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate currently housed at the Evans Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is currently incarcerated in the South Carolina Department of Corrections, serving a sentence on a probation violation stemming from a 2005 criminal domestic violence conviction. In the Second Amended Complaint filed in this case, he makes numerous claims of alleged law enforcement wrongdoing in connection with the investigation and prosecution of attempted murder and firearm-related charges that are currently pending against Plaintiff in Beaufort County, South Carolina. Plaintiff claims to be acting as his own attorney in connection with those pending charges.

PJG

Plaintiff claims that he was coerced into speaking with Defendant Williams without an attorney present. He also claims that one or more defendants have coerced statements from an unreliable "victim" in the case and have committed additional misconduct in connection with their investigation of the case. Furthermore, he contends that one or more of the defendants presented "perjured" testimony about their investigation during the preliminary hearing on the pending charges. Plaintiff does not indicate whether or not he filed any kind of motions based on this alleged wrongdoing in his pending state case, such as a motion to suppress statements and/or to dismiss indictments for police misconduct. However, he asks for various forms of damages, and injunctive and declaratory relief based on his assertions that his federal constitutional rights are being violated by the defendants and their input into the pending state criminal case.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of



this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

To the extent that Plaintiff requests injunctive and/or declaratory relief from this court against defendant law enforcement officers based on their actions in connection with the post-arrest investigation and prosecution of Plaintiff's pending state criminal case, this case is barred by the doctrine established by Younger v. Harris, 401 U.S. 37 (1971) and its progeny. Younger and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See, e.g., Younger, 401 U.S. at 44; Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 (1873); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out



that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Id.; see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985) (same).

As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be primarily a "right to counsel violation" and "perjured testimony in connection with preliminary hearing" objections and having them ruled on in his ongoing state criminal prosecution by the state court judge. He does not indicate whether or not he has filed any motions to suppress or motions to dismiss the indictments in his pending state criminal case based on the alleged police misconduct in connection with the investigation of the attempted murder charge. Since he does have the right to file such motions in state court, this federal court cannot remove the authority to rule on such motions/objections from the judge who is actually in control on Plaintiff's state criminal case.

Furthermore, to the extent that he seeks damages from the defendants based on their involvement in the post-arrest investigation and prosecution of the state criminal charges currently pending against him, his constitutional claims are, essentially, malicious prosecution-type claims. As such, they are barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal

of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. See Robinson v. Horry Cnty. Police Dep't, C/A No. 4:10-2732-RBH-SVH, 2010 WL 4922660 (Nov. 2, 2010) ("Plaintiff has not raised a valid claim of malicious prosecution because the two criminal charges have not been resolved in his favor.") (citing McCormick v. Wright, C/A No. 2:10-00033-RBH-RSC, 2010 WL 565303, *3 (D.S.C. Feb.17, 2010) and Jovanovic v. City of New York, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb.7, 2008) (holding in Wallace v. Kato applies only to claims of false arrest and holding in Heck v. Humphrey still applies to claims of malicious prosecution)), adopted, 2010 WL 4922655 (D.S.C. Nov. 29, 2010); but see Wallace v. Kato, 549 U.S. 384, 394 (2007) (J. Scalia, concurring) (false arrest-type § 1983 damage claims, as opposed to malicious-prosecution-type claims, made before the end of a state criminal case are not governed by Heck and courts should stay them pending the outcome of the state trial). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one, *not alleging false arrest in a pretrial setting*, but alleging other kinds of constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or



sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. The limitations period (statute of limitations) for such a civil rights action will not begin to run until the cause of action accrues, i.e., until the conviction is set aside; therefore, a potential plaintiff claiming unconstitutional behavior in connection with a criminal case does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. See Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Because Plaintiff's allegations of wrongdoing by law enforcement, if true, would necessarily invalidate any conviction that might ultimately be obtained against him, until the charges are dismissed, he is acquitted, or he successfully overturns any conviction that results in the state case, he cannot sue any of the defendants based on their involvement in his prosecution and ultimate conviction. As a result, this entire case is subject to summary dismissal as to all defendants without issuance of service of process.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice. See Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Haines, 404 U.S. 519; Todd, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as

possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                              _____
                                              Paige J. Gossett
                                              UNITED STATES MAGISTRATE JUDGE

November 28, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).