IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
[illegible stamp] CHARLESTON, SC
2011 DEC 16   P 4: 08

Stanley Lee Moultrie,                )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   Civil Action No. 0:11-2333-SB
                                     )
Sgt. Paul Shane Williams, # 010323   )   **ORDER**
Sgt. Andre Massey, # 447447          )
Officer Ron Wekenmann, # 994210,     )
and Lieutenant John H. Griffith,     )
                                     )
        Defendants.                  )
_____)

This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. The record contains the report and recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, Magistrate Judge Gossett recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report).

The Plaintiff is incarcerated in a facility within the South Carolina Department of Corrections, where he is serving a sentence for a probation violation stemming from a criminal domestic violence conviction. In his second amended complaint, the Plaintiff makes numerous claims of alleged law enforcement wrongdoing in connection with the investigation and prosecution of other attempted murder and firearm-related charges that are currently pending against him in Beaufort County. The Plaintiff claims to be acting as

his own attorney in connection with those state pending charges.

In his second amended complaint, the Plaintiff claims he was coerced into speaking with Sergeants Williams and Massey while incarcerated and without an attorney present. He also claims that one or more of the Defendants coerced statements from an unreliable "victim" and that they committed additional misconduct, such as committing perjury during a preliminary hearing. The Plaintiff does not indicate whether he has filed any motions to suppress or to dismiss in his pending state criminal case based on his allegations of wrongdoing; however, in his complaint, he asks for various forms of damages, including injunctive and declaratory relief, based on his assertion that the Defendants are violating his constitutional rights in connection with his pending state criminal charges.

After reviewing the Plaintiff's complaint, the Magistrate Judge first determined that, to the extent the Plaintiff seeks injunctive and/or declaratory relief from this Court based on the Defendants' actions in his pending state criminal case, such claims are barred by the doctrine established in Younger v. Harris, 401 U.S. 37 (1971), and its progeny. Stated simply, Younger and its progeny hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. 401 U.S. at 44. In addition, the Magistrate Judge noted that the Plaintiff is not foreclosed from raising the claims he presents in the instant lawsuit in his criminal case and having them ruled on by the state court judge.

Next, the Magistrate Judge determined that the Plaintiff's claims's for damages are barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), because the Plaintiff has not shown that his convictions have been reversed or otherwise invalidated and because no writ of habeas corpus has been issued. As the

2

Court stated in Heck:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by these actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.

In his objections to the R&R, the Plaintiff merely rehashes his claims and asserts that to state a claim pursuant to section 1983 he need only allege that the Defendants were acting under color of state law when they committed the complained-of conduct, something which he claims to have done in his second amended complaint. In addition, the Plaintiff incorrectly argues that the termination of this action will bar him from filing future actions under the doctrine of collateral estoppel. With respect to the Plaintiff's collateral estoppel argument, because the Magistrate Judge recommends a dismissal *without prejudice*, and because many of the Plaintiff's claims are not yet ripe–as the Plaintiff's state criminal case remains pending–the Plaintiff is mistaken. A dismissal of this action without prejudice will not preclude the Plaintiff from raising his claims at the appropriate time and/or in the appropriate forum.

Here, although the Plaintiff disagrees generally with all of the Magistrate Judge's recommendations, he points to no facts or law which would demonstrate any error in the



3

Magistrate Judge's decision. Thus, after a thorough review of the record, the Court finds that the Magistrate Judge adequately summarized the facts and applied the correct principles of law. Therefore, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 25) is adopted and incorporated herein; the Plaintiff's objections (Entry 28) are overruled; and the Plaintiff's complaint is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December __16__, 2011
Charleston, South Carolina

